United States District Court
Middle District of Florida
Jacksonville Division

**CHARLES SIMMONS,**

*Plaintiff,*

v.   No. 3:19-cv-478-J-39PDB

**BANK OF AMERICA CORPORATION,**

*Defendant.*

# Order

This order summarizes rulings made on the record on October 25, 2019. Doc. 27.

Scott Bursor, Esquire, sought leave for Joshua Arisohn, Esquire, to specially appear to represent the plaintiff, with Mr. Bursor serving as local counsel. Doc. 24. Based on the absence of opposition from the defendant, the information provided by Mr. Bursor, and Mr. Arisohn's payment of the required fee, the Court granted the request, Doc. 24. Mr. Arisohn may specially appear to represent the plaintiff, with Mr. Bursor serving as local counsel. If he has not done so already, Mr. Arisohn must expeditiously register with the electronic case filing (ECF) system by completing the E-Filer Registration Form.

The Court and counsel discussed the motion to dismiss the complaint for lack of standing, Doc. 12. Counsel agreed the motion and the response—which disputes factual contentions—together present an issue pertinent to the merits of the causes of action. Without objection, and based on law provided in the response, the Court denied the motion to dismiss, Doc. 12, without prejudice.

Based on the Court's observation that the complaint is a "shotgun" pleading,[1] the plaintiff's counsel moved for leave to file an amended complaint to correct that problem and to add factual allegations learned during discovery (for example, dates and times). Applying the liberal amendment standard in Federal Rule of Civil Procedure 15(a)(2) and discerning no reason to do otherwise (e.g., futility, delay, or prejudice), the Court granted the motion and directed the plaintiff to file an amended complaint that corrects the shotgun problem and adds new factual allegations but adds no new cause of action by **November 8, 2019**, and the defendant to respond to the amended complaint by **November 22, 2019**.

In light of the issue raised in the motion to dismiss and in the interests of a just, speedy, and inexpensive resolution, *see* Fed. R. Civ. P. 1, the Court suggested, and counsel agreed to, bifurcate case management and scheduling (individual matters first; class matters second, if the individual claims survive). Without objection, the Court waived the 90-day period for moving for class certification under Local Rule 4.04(b) and vacated the dates in the case management and scheduling order, Doc. 16,[2] with all other directives in the case management and scheduling order remaining in place. An amended case management and scheduling order will be entered separately.

---

[1] "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has identified four "rough" types of shotgun pleadings, including a complaint containing "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321–23.

[2] Local Rule 4.04(b) provides, "Within ninety (90) days following the filing of the initial complaint in such an action, unless the time is extended by the Court for cause shown, the named plaintiff or plaintiffs shall move for a determination under Rule 23(c)(1) as to whether the case is to be maintained as a class action." The plaintiff filed the complaint on April 26, 2019, and has not moved to certify a class.

Without objection and in light of bifurcation, the Court denied the plaintiff's motion to compel call logs, Doc. 21, without prejudice.

**Ordered** in Jacksonville, Florida, on October 29, 2019.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of record